HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODERICK DEMMINGS,

                Plaintiff,

   v.

ILWU AND PMS BENEFITS PLAN
OFFICE, PACIFIC MARITIME
ASSOCIATION AND ILWU LOCAL
19 JOHN DOES 1-10, ,

             Defendants.

CASE NO. C13-5737 RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the court on the motion of defendant International Longshore and Warehouse Union Local 19 ("the Union") for judgment on the pleadings (Dkt. # 98-1) and defendant Pacific Maritime Association's ("PMA") motion for

1  judgment on the pleadings or, in the alternative, motion for summary judgment (Dkt. #
2  92).  For the reasons stated below, the court GRANTS both motions under Rule 12(c).

3  ## II.      BACKGROUND

4         The court has summarized the facts of this case in previous orders.  *See* Order at
5  Dkt. # 76.  In short, Mr. Demmings is a longshoreman who was de-registered (i.e., lost
6  his privileges to be dispatched for longshore jobs) in 2008.  *See Demmings I*, Case No.
7  11-1864, Dkt. # 8; # 40 at 1-2, 9.  According to defendants, Mr. Demmings was
8  deregistered because he was unavailable for work due to his incarceration for a sex
9  offense.  Hathaway Dec., ¶ 6.  Mr. Demmings, however, alleged that the root cause of his
10 unavailability was his dependence on drugs and alcohol.  Case No. C11-1864, Dkt. # 8
11 (SAC) ¶ 15.

12        Sometime in 2010, Mr. Demmings requested reinstatement through a drug and
13 alcohol recovery program ("14-99 program").  *Id.* ¶ 15.  When Mr. Demmings was not
14 accepted into the 14-99 program, he filed charges with the EEOC alleging disability
15 discrimination and received a right to sue letter.  He then filed his initial lawsuit
16 ("*Demmings I*") on November 7, 2011 ("Reinstatement Claim").  *Id.*, Dkt. # 40 (Ord.
17 Granting 12(b)(6) Mot.) at 4.  This court dismissed Mr. Demmings' Reinstatement Claim
18 (*id.* at 7-8) in *Demmings I* and, as stated in the court's previous order, any effort to revive
19 that claim in the present matter ("*Demmings II*") based on conduct that occurred between
20 2006 and 2010 would be barred by *res judicata*.  Dkt. # 76 at 3, n.4.

21        In 2013, Mr. Demmings again applied to be reinstated through the 14-99 program.
22 Mr. Demmings has conceded that his claims in *Demmings II* do not relate to conduct that
23 occurred between 2006 and 2010, but rather relate solely to his second request to be
24 reinstated in 2013.  Dkt. # 76 at 2.  The court reviewed Mr. Demmings' allegations in his
25 Second Amended Complaint and found that he had failed to allege any new elements of
26 unfairness that arose in 2013.  *Id.* at 5.  Because Mr. Demmings was *pro se*, however, the
27

1   court allowed him one final opportunity to amend his complaint to allege sufficient facts

2   with respect to his 2013 allegations. *Id.* at 9.

3         After granting Mr. Demmings multiple extensions of time (Dkt. # 79, 80), he filed

4   a Third Amended Complaint.  Dkt. # 81.  Defendants promptly moved to dismiss, but Mr.

5   Demmings failed to respond to either motion.  *See* Order at Dkt. # 91 (summarizing

6   plaintiff's history of missed deadlines and insufficient excuses for doing so); Dkt. # 99

7   (order striking trial date); *see also* Local Civ. R. 7(b)(2) ("[I]f a party fails to file papers

8   in opposition to a motion, such failure may be considered by the court as an admission

9   that the motion has merit.").

10              **III.    ANALYSIS**

11        Under Rule 12(c), after the pleadings are closed, but early enough not to delay

12   trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).  Judgment

13   on the pleadings is properly granted when, accepting all factual allegations in the

14   complaint as true, there is no issue of material fact in dispute, and the moving party is

15   entitled to judgment as a matter of law.  *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir.

16   2012).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule

17   12(b)(6) because, under both rules, a court must determine whether the facts alleged in

18   the complaint, taken as true, entitle plaintiff to a legal remedy.  *Id.*

19        Here, the facts in Mr. Demmings' Third Amended Complaint do not entitle him to

20   a legal remedy.  As explained in the court's previous order, an employee who is fired

21   does not have a claim every time he applies for reinstatement and it is denied.  *See*

22   *Collins v. United Air Lines, Inc.*, 514 F.2d 59 (9th Cir. 1975).  In *Collins*, a flight

23   attendant brought suit against her former employer for its failure to rehire her after her

24   initial termination, but she failed to file a union grievance or complaint with the Equal

25   Employment Opportunity Commission ("EEOC") or applicable state agency.  514 F.2d at

26   595.  Thus, her claim was barred.  Over four years later, Collins sought reinstatement and

27   was refused.  *Id.*  She then filed an EEOC complaint, claiming that it was timely because

the alleged violation was a continuing one.  The Ninth Circuit held that a failure to reinstate after an alleged discriminatory firing did not constitute a new and separate discriminatory act or somehow render the initial violation, if any, a continuing one.  *Id.* at 596.

In *Josephs*, the Ninth Circuit later distinguished *Collins* and held that a plaintiff who requests reinstatement, but is denied, may have a claim for relief if the complaint alleges "new elements of unfairness, <u>not existing at the time of the original violation</u>, attached to denial of re-employment."  *Josephs v. Pac. Bell*, 443 F.3d 1050, 1060 (9th Cir. 2006) (emphasis added).

The court has reviewed Mr. Demmings Third Amended Complaint ("TAC") and finds that he has failed to allege any new elements of unfairness surrounding his second request to be reinstated in 2013.  Rather, the court finds that Mr. Demmings is still litigating the unfairness of his original deregistration.  In his TAC, he alleges that Defendants refused to reinstate him "because they regard [him]…as a troublemaker because of his prior EEO activity, when he filed EEOC charges beginning on or about February 2005," because of his "NLRB complaints," and because of his "federal lawsuits alleging that defendants had engaged in discrimination of African American longshoremen and disabled workers."  Dkt. # 81 at 2.  He made these same allegations in *Demmings I*.  *See* Case No. 11-1864, Dkt. # 8, ¶¶ 29, 33, 35-36.

Additionally, he has failed to allege any facts that would support his claim that Defendants perceived him to be "crazy" or a "rapist" or that they denied his reinstatement due to his bipolar condition.  His allegations are merely cursory.  Mr. Demmings' allegations regarding various possible comparators are similarly deficient.  For example, he fails to specify when these individuals were reinstated (e.g., in or about 2013) and whether their original deregistration was due to drug and alcohol dependency, as required for acceptance into the 14-99 program.  Dkt. # 81 at 3.

1       Accordingly, taking all of Mr. Demmings' factual allegations as true, his

2   complaint fails to allege a claim that would entitle him to relief.

3                     IV.    CONCLUSION

4       For the foregoing reasons, the court grants defendants' motions for judgment on

5   the pleadings under Rule 12(c).  Dkt. ## 92, 98-1.  The clerk is directed to enter judgment

6   in favor of defendants and against plaintiff.

7       Dated this 23rd day of December, 2015.

8

9

10

11   The Honorable Richard A. Jones
     United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 5